IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**CHARLES BROWN,**

**Defendant.**                                                      **No. 10-CR-30198-DRH**

## ORDER

**HERNDON, Chief Judge**:

Now before the Court is Defendant's motion to continue trial (Doc. 16). Defendant states that he needs additional time to hire retained counsel. Defendant maintains that he is in the process of obtaining retained counsel in that his family has paid a partial retainer to private counsel and needs additional time to pay the balance of the retainer. The Government does not object. The Court being fully advised in the premises finds that Brown needs additional time to hire and pay retained counsel. The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendant in a speedy trial. The Court also finds that to deny a continuance of the matter would result in a miscarriage of justice.

Therefore, the Court **GRANTS** Defendant's December 29, 2010 motion to continue trial (Doc. 16). The Court **CONTINUES** the jury trial scheduled for January 18, 2011 to Monday, March 21, 2011 at 9:00 a.m. The time from the date the original motion was filed, December 29, 2010, until the date to which the trial is rescheduled, March 21, 2011, is excludable time for the purposes of speedy trial.

Further, in continuing this trial, the Court also notes that Defendant was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery. According to a recent Supreme Court decision, ***Bloate v. United States*, 130 S.Ct 1345 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161(h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**. In light of ***Bloate***, the Court finds that the time granted to Defendant Brown for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. §3161(h)(7)(A)** as the justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial. To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice. Therefore, for purposes of the Order issued November 17, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 8), the Court notes that the time from the arraignment, November 17, 2010, until the date on which the twenty-one days expired, December 8, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 3rd day of January, 2011.

David R. Herndon
2011.01.03
12:33:58 -06'00'

**Chief Judge
United States District Court**